UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: HAMILTON CLARK CONNOR, III : CHAPTER 13
and VIOLET F. CONNOR :
  Debtors :
 :
JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
  Movant :
 :
  vs. :
 :
HAMILTON CLARK CONNOR, III :
and VIOLET F. CONNOR :
  Respondents : CASE NO. 5-23-bk-02216

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 30th day of October, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtors' plan for the following reason(s):

    1. Debtors' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

    a. Commercial real estate (Need CMA for 209 Pine View Lane.)
    b. The Trustee requests a copy of the Listing Agreement for the real estate to be sold in Clearfield County.

    2. Trustee further objects to debtors' plan subject to debtors providing to the Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable the Trustee to file his Business Examination Report with the Court pursuant to §§ 1302(c), 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following:

    a. Certification of business debtor.

    3. The Trustee avers that debtors' plan is not feasible based upon the following:

    a. The plan is underfunded relative to claims to be paid – 100% plan.

b. The plan fails to provide that the sale or refinance of debtors' real estate will occur within six (6) months.
   c. Secured claims not in plan. (Claim #4 and Claim #8 arrears.)

4. Trustee avers that debtors' plan cannot be administered due to the lack of the following:

   a. Six-month Profit and Loss Statement for April through September, 2023.

WHEREFORE, Trustee alleges and avers that debtors' plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 9th day of November, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Philip Stock, Esquire
706 Monroe Street
Stroudsburg, PA   18360

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee